UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 11-86-JBC

DEBRA LEE HENRY,                                                                    PLAINTIFF,

V.                          MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                  DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Debra Lee Henry's appeal of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB"). The court will grant the Commissioner's motion, R. 11, and deny Henry's motion, R. 10, because substantial evidence supports the administrative decision.

At the date of the Commissioner's decision, Henry was 50 years old, a high school graduate, and had work experience as a floral designer and nursery worker. AR 36, 58. She alleged disability beginning July 1, 2004, due to fatigue, depression, fibromyalgia, a thyroid disorder, and a skin allergy. AR 149. She filed her application on July 15, 2008, which was denied initially and upon reconsideration. After a hearing with Administrative Law Judge ("ALJ") Sheila Lowther, the ALJ issued a decision on October 21, 2010, determining that Henry was not disabled. AR 19-26, 136-39. Under the traditional five-step analysis, 20 CFR § 404.1520, the ALJ found that Henry had not engaged in substantial gainful

activity since July 1, 2004, her alleged onset date; that she had "severe" impairments consisting of depression and eczema with an allergy to nickel; that her impairments, whether singly or in combination, did not meet or equal one of the Commissioner's Listings of Impairment; that she retained the residual functional capacity ("RFC") to perform work at all exertional levels, limited to simple repetitive tasks with the ability to perform in two-hour increments some detailed work which did not require working with production quotas or exposure to soil, plant materials, petroleum-based products or legumes; and that based on her RFC and the testimony of a vocational expert ("VE"), a significant number of unskilled jobs exist in the economy which she could perform. AR 19-25. The ALJ thus denied her claim for disability. AR 26. The Appeals Council declined to review, AR 1-3, and this action followed.

Henry raises the following issues for review: that the ALJ (1) improperly evaluated a treating source opinion from a nurse practitioner under Social Security Ruling ("SSR") 06-3p; (2) failed to evaluate the record as a whole when evaluating the medical opinion of the nurse practitioner; (3) improperly evaluated a state agency physician's opinion under 20 CFR § 404.1527(f)(2); and (4) used an improper standard in evaluating the credibility of Henry's testimony. None of these arguments justifies a grant of Henry's motion for summary judgment.

First, the ALJ properly evaluated the nurse practitioner's opinion even though the opinion was not given controlling weight. The nurse practitioner, Jan Powell, ARNP, worked in the office of Henry's family physician, Damon Gatewood, M.D.,

where she examined Henry on many occasions between 2007 and 2010. AR 249-58, 339-40, 348-55. She submitted two identical physical RFC assessments on March 5, 2009, and September 1, 2010, limiting Henry to lifting 10 pounds occasionally and less than 10 pounds frequently, standing and walking less than two hours in an eight-hour day, and sitting less than six hours in an eight-hour day with a sit/stand option. The assessments limited Henry's pushing and pulling to 10-15 pounds, with occasional reaching, handling, kneeling, crouching, and stooping, never climbing or crawling, and limited Henry's exposure to temperature extremes, vibration, hazards, and fumes. AR 334-37, 360-63. The VE testified that these limitations would preclude all work because they comprised less than an eight-hour workday. AR 62-63.

The ALJ declined to give Powell's restrictions controlling weight for several reasons: Powell was not an acceptable medical source; her 2010 assessment was completed after Henry's "Date Last Insured" of December 31, 2009; and the opinion was not consistent with Powell's treatment notes. AR 24, 140. Because nurse practitioners are "other sources" rather than "acceptable medical source[s]," Powell's opinion could only "provide insight into the severity of the impairment(s) and how it affects the individual's ability to function," rather than establish the existence of a medically determinable impairment. 20 CFR § 404.1513; SSR 06-3p. Therefore, despite Henry's argument to the contrary, the ALJ correctly applied SSR 06-3p in her decision not to give Powell's opinion controlling weight as to the extent of Henry's impairments.

Second, even though the ALJ failed to discuss an objective testing by Powell that showed an elevated sedimentation rate and positive rheumatoid factor, AR 273, the ALJ's credibility finding as to Powell is supported by substantial evidence. Dr. Mark A. Waldman, another treating source, reported in April 2008 that Henry was seeing Dr. Crump for potential rheumatoid arthritis because "some of her numbers have been high," but he added "he is not quite ready to call her RA." AR 244. Also, Powell never made a clear diagnosis of rheumatoid arthritis and, although she diagnosed joint pain with *possible* rheumatoid arthritis in April 2010, her examination of Henry that day showed a full range of motion of Henry's joints with no swelling and with equal strength. AR 355. Earlier examinations by Powell and Gatewood also did not show specific abnormalities. E.g., AR 340, 342, 348. A consultative physical examination by Dr. Arash Rezazadeh Kalebasty in October 2008 showed that Henry could walk on her heels and toes, and could squat, and had a normal hand grip, normal muscle strength, and normal gait and station. AR 282. Apart from the one blood test cited by Henry, almost all of the medical record detracts from Powell's restrictive assessment and does not provide a basis for remanding the case for a more detailed analysis and re-weighing of the evidence by the ALJ.

Third, Henry asserts that the ALJ improperly evaluated a state agency doctor's opinion under 20 CFR § 404.1527(f)(2) but does not point to a specific opinion or describe how it was improperly evaluated. State agency psychologists who reviewed the record concluded that Henry had the RFC to perform work

consistent with the ALJ's RFC.  AR 306-08, 328-30.  Any procedural error by the ALJ in detailing the weight given to their opinions was harmless.

Last, the ALJ's evaluation of the credibility of Henry's subjective complaints is also supported by substantial evidence.  Where, as here, an underlying impairment that could reasonably be expected to produce a claimant's pain or other symptoms has been shown, the ALJ must consider the entire record, including testimony, daily activities, medication, objective medical evidence, and whether any of the evidence conflicts with the claimant's statements.  20 CFR § 404.1529(c)(2); *Walters v. Comm'r of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997).  Henry asserts that the ALJ erred in stating that her testimony was being given only slight weight because of unspecified inconsistencies between her testimony and other evidence.  AR 24.  But elsewhere in her decision, the ALJ reviewed Henry's relatively extensive daily activities, including taking care of her personal needs, performing household chores at her own pace, playing bingo and bunco monthly, visiting friends, driving short distances, and taking care of her nine-year-old grandson, who reportedly had ADHD and whose custody she had won after a court battle.  AR 22, 45-48, 51, 161-202.  Read as a whole, the ALJ's decision adequately explained the basis of her credibility determination, which is entitled to great weight and deference.  *Warner v. Comm'r of Social Security*, 375 F.3d 387, 392 (6th Cir. 2004).

The ALJ having properly applied the relevant legal standards and her decision being supported by substantial evidence,

**IT IS ORDERED** that Henry's motion for summary judgment, R. 10, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 11, is **GRANTED**.

The court will enter a separate judgment.

Signed on December 27, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY